Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 6799 | DATE | 9/27/2000 |
| CASE TITLE | The Lockformer Company vs. PPG Industries, Inc. et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

[10-1] PPG Industries' Motion to Dismiss Counts IV through VIII of Plaintiff's Complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, PPG Industries' Motion to Dismiss Counts IV through VIII of Plaintiff's Complaint is GRANTED IN PART and DENIED IN PART. Document #10-1 is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | Document Number |
| | Notified counsel by telephone. | SEP 28 2000 date docketed | 67 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 SEP 27 PM 7: 36 | SEP 28 2000 date mailed notice |
| mrl | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE LOCKFORMER COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 99 C 6799 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| ) | |
| PPG INDUSTRIES, INC., and PPG ) | |
| INDUSTRIES OHIO, INC. ) | |
| ) | |
| Defendants ) | |

DOCKETED
SEP 28 2000

## MEMORANDUM OPINION AND ORDER

This is an antitrust action concerning certain players in the insulated-window industry. The windows involved are insulated by putting two or more pieces of flat glass in the same unit with spacers between the glass. Lockformer manufactures machines that make the spacers for multi-pane windows. PPG manufactures flat glass for the windows. PPG also owns patents on machines that make multi-pane window spacer and patents on the spacers themselves. Lockformer sued PPG alleging, among other things, violation of the United States antitrust laws. PPG has moved to dismiss partially the antitrust claims for lack of "antitrust standing" and on *res judicata* grounds. For the reasons stated below, PPG's motion is GRANTED IN PART and DENIED IN PART.

### Introduction

PPG Industries, Inc. and PPG Industries Ohio, Inc. ("PPG") manufacture and sell flat glass used for making multi-paned windows (¶ 14). They hold patents covering assembly-line machinery for making continuous multi-pane window spacers (the "Spacer-Machine Patents") and for multi-pane glass window spacers themselves (the "Spacer Patents"). Lockformer alleged that PPG engaged in improper conduct in securing certain Spacer Patents that ultimately issued in 1997. ¶ 17-23. Specifically, PPG allegedly prosecuted these patents while knowing of a prior art machine that

made similar spacers – presumably ones that would invalidate the Spacer Patents. PPG allegedly withheld its knowledge of this machine from the patent examiner. (¶ 20-22). The alleged improper conduct before the patent examiner is one of the bases for Lockformer's antitrust claims.

Glass Equipment Development (not a defendant in this action) manufacturers machinery used to make multi-paned window spacers. PPG licensed it rights under the Spacer-Machine Patents to Glass Equipment. (¶16). Lockformer alleges that PPG and Glass Equipment have been in "partnership" since 1989 in the production of machines used to make multi-paned windows. (¶ 24) According to the complaint, PPG and Glass Equipment have "cooperated to provide third party manufacturers of [multi-pane windows] the machinery and glass required to fabricate" these windows. (¶ 24) Glass Equipment allegedly requires customers of its spacer-making machines to acquire a license from PPG to use inventions embodied in its Spacer Patents.

The license that PPG enters with purchasers of Glass Equipment's spacer-making machines requires the purchaser to pay PPG a royalty for use of the patent technology. The royalty depends on the number of linear feet of spacers made and depends on the amount of glass that the purchaser buys from PPG. According to Lockformer's complaint, the more glass that the purchaser buys from PPG, the less is the royalty payment under the license. In antitrust terms, PPG "ties" the purchase of glass to the "purchase" of the right to use of the inventions embodied in PPG's Spacer Patents.

In the early 1990s, Lockformer decided to enter the market for spacer-making machines. PPG believed that Lockformer's spacer-making machine infringed on its Spacer Machine Patents. PPG told Lockformer's potential customers about the PPG Spacer Machine Patents and about PPG's belief that the Lockformer machine infringed on that patent. According to Lockformer, PPG told these potential customers of its belief before PPG was able to form a good-faith belief regarding infringement. (¶ 39).

In February of 1995, Lockformer filed suit against PPG and Glass Equipment alleging, among other things, various violations of the United States antitrust laws and the patent laws. See Amended Complaint filed in <u>The Lockformer Company v. Glass Equipment Development, Inc.</u>, No. 95 C 1166 (Hart, J.) ("Prior Litigation"). PPG and Glass Development moved to dismiss the suit on the grounds that no case or controversy existed between the parties. Specifically, PPG and Glass Development stated that the Lockformer machinery did not infringe on the patents named in the suit and agreed that it would not assert infringement against the Lockformer machinery. PPG did tell Lockformer, however, that Lockformer's machines might infringe on patents for which applications had been filed with the patent office. Based on these representations, and Lockformer's motion for voluntary dismissal, the Court dismissed the suit with prejudice.

## Discussion

On this motion to dismiss, only certain of the antitrust counts are at issue. Counts four through eight allege violations of Sections 1 and 2 of the Sherman Antitrust Act, and Section 3 of the Clayton Act. The antitrust provisions mentioned above focus on the interference in certain commercial markets. The relevant markets at issue in the Lockformer complaint are: (1) the market for assembly-line machinery for making continuous multi-pane window spacers; and (2) the market for flat glass used in making multi-pane windows. Both markets are defined as national in their geographic scope.

## PPG's Motion to Dismiss

PPG moved to dismiss counts four through eight for lack of "antitrust standing" because Lockformer is not a manufacturer or consumer of flat glass. PPG's motion addresses the alleged antitrust violations only to the extent that they concern the market for flat glass used in making multi-pane windows. In its standing argument, PPG does not challenge counts four through eight

as they relate to the the market for assembly-line machinery for making continuous multi-pane window spacers. PPG has also moved to dismiss counts four through eight on *res judicata* grounds because the same causes of action were allegedly brought and voluntarily dismissed with prejudice in the Prior Litigation. This aspect of its motion, unlike the motion regarding antitrust standing, relates to counts four through eight in their entirety.[1]

## Antitrust Standing

Section four of the Clayton Act defines the class of persons who may bring a private suit under the antitrust laws. That section says that:

> *any person* who shall be injured in his business or property *by reason of anything forbidden in the antitrust laws* may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained and the cost of suit, including a reasonable attorney's fee.

15 U.S.C. § 15 (emphasis added). Although seemingly limitless in its literal terms, the private antitrust enforcement provision does not "provide a remedy in damages for all injuries that might conceivably be traced to an antitrust violation." Hawaii v. Standard Oil Co., 405 U.S. 251, 263 n. 14 (1972). Based on the goals and origins of the antitrust laws, courts have articulated a handful of factors useful in guiding the inquiry into "antitrust standing." See, e.g., Associated General

---

[1] PPG also moved to dismiss count eight – the Clayton Act claim – because Lockformer did not allege that PPG "manufacturers or sells machinery that is the subject of this claim." (PPG Brf. 23). PPG does not cite a single case, however, in support of this argument, nor does it explain the basis of its argument and its lack of citation. While what PPG says might be true, it has not demonstrated the argument's merit in this motion. It is therefore denied. Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. . . . We will not do his research for him")

PPG also argues in both its opening brief and its reply brief that the lack of an allegation that PPG manufactures machines that make multi-pane window spacers is fatal to the Sherman Act claims. For the same reasons stated above, PPG's motion in this respect is denied.

Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 540-46 (1983).

Courts generally require a causal connection between the antitrust violation alleged and the harm to the plaintiff. The Seventh Circuit has stated that the relevant inquiry is whether there is a "direct link" between the challenged conduct and the plaintiff's injuries. See Greater Rockford Energy & Tech v. Shell Oil Co., 998 F. 2d 391, 395-96 (7th Cir. 1993). Additionally, antitrust standing requires and injury that is the type that congress sought to redress. See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 487-88 (1977). This is sometimes referred to as an "antitrust injury." Whether the defendant's motive was improper is also a factor, but is not weighed as heavily because, "although it may support a plaintiff's damages claim under Section 4, [improper motive] is not a panacea that will enable any complaint to withstand a motion to dismiss." Associated General Contractors, 459 U.S. at 537; see also Blue Shield of Virginia v. McCready, 457 U.S. 465 (1982) ("[t]he availability of the § 4 remedy to some person who claims its benefit is not a question of the specific intent of the conspirator.")

A primary focus for antitrust standing is "whether the particular plaintiff is the appropriate antitrust enforcer." In re Industrial Gas Antitrust Litigation, 681 F.2d 514, 520 (7th Cir. 1982). As the United States Supreme Court has stated:

> [t]he existence of an identifiable class of persons whose self-interest would normally motivate them to vindicate the public interest in antitrust enforcement diminishes the justification for allowing a more remote party . . . to perform the office of a private attorney general.

Associated General Contractors, 459 U.S. at 542. In a similar vein, the Seventh Circuit has recognized that the interests of enforcement are served by "granting standing only to those who, as consumers or competitors, suffer immediate injuries with respect to their business or property, while excluding persons whose injuries were more indirectly caused by the antitrust conduct." Serfecz v.

Jewel Food Stores, 67 F.3d 591, 598 (7th Cir. 1995) (citations and internal marks omitted). With these factors in mind, the Court turns to their application in this case.

The gist of PPG's motion is that Lockformer is not its competitor or customer in the market for flat glass – the only aspect of the antitrust counts that it challenges by this motion. In its response, Lockformer does not dispute this. Instead, Lockformer focuses on its participation in the market for assembly-line machinery for making continuous multi-pane window spacers. In fact, Lockformer's complaint does not appear to allege any injury with respect to the market for flat glass. Rather, it alleges that Lockformer is precluded from the market for machinery that makes multi-pane window spacer machinery. Consequently, it doesn't particularly make sense to talk about whether the injury is the kind that congress sought to remedy through the antitrust laws because no such injury is alleged. PPG's motive is likewise not supportive of Lockformer's standing to enforce alleged anti-trust violations related to the flat-glass market. Lockformer has not alleged that PPG intend to harm it in the flat-glass market. Also undermining Lockformer's standing with respect to the flat-glass market is the existence of more directly harmed individuals – namely PPG's competitors in that market and purchasers of flat glass. In sum, none of the factors mentioned above support Lockformer's standing to enforce alleged antitrust violations affecting the flat glass market. For all of these reasons, PPG's partial motion to dismiss counts four through eight of Lockformer's complaint is GRANTED to the extent that the complaint seeks to redress harms related to the flat-glass market.

## Res Judicata

The doctrine of res judicata bars relitigation any claim that was actually raised or that could have been raised in a prior law suit. To apply, the action to be barred must involve the same parties as the prior action, the prior action must have been final, and the prior action and the action to be

barred must be the "same cause of action." See, e.g., National Org. for Women v. Scheidler, 897 F. Supp. 1047 (N.D. Ill. 1995) (citations omitted). Actions are the same if they involve the same transaction or occurrence of events. Generally speaking, if a common nucleus of operative facts underlies both actions, *res judicata* will apply. See Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir. 1986). *Res judicata* does not, however, preclude later-committed wrongs of a nature similar to those alleged by a similar, but earlier course of conduct. Lawlor v. National Screen Serv. Corp., 349 U.S. 322, 327 (1955).

In this case, Lockformer does not dispute that the Prior Litigation and this suit involve the same parties. (Lockformer Resp. at 12). Also, a voluntary dismissal, like the one involved in the Prior Litigation, is considered "final" for *res judicata* purposes. See, e.g., Golden v. Barenborg, 53 F.3d 866, 869 (7th Cir. 1995). Lockformer does dispute, however, that the current law suit and the Prior Litigation are the "same cause of action."

The Prior Litigation and the current suit are extremely similar. Both allege the same legal theories. In both, Lockformer complains of PPG's allegedly illegal tying arrangement involving its Spacer Patents and its sale of flat glass. Additionally, the actual words plead in counts four through eight are nearly identical to the allegations in the Prior Litigation. The difference between the Prior Litigation and the current suit are the patents underlying the allegedly illegal conduct. Whereas the Prior Litigation involved, among other patents, two spacer patents that issued in 1994 (U.S. Patent Nos. 5,295,292 and 5,361,476), the current suit involves, among other patents, two spacer patents that issued in 1997 (U.S. Patent Nos. 5,655,282 and 5,675,944). PPG acknowledges the existence of different patents in this suit, but claims that Lockformer both knew of and included in the Prior Litigation, the patents in this suit.

The basis for PPG's argument that Lockformer included in this suit the yet-to-be-issued patents from the Prior Litigation is an allegation from the complaint in the Prior Litigation that:

> [u]pon information and belief, PPG has other related patent application(s) pending purportedly covering "methods of making" [multi-pane window] components. The three-listed patents, *and any other related patents that may issue*, are referred to herein as the "PPG Patents."

(Compl. in Prior Litigation ¶ 17) (emphasis supplied) According to Lockformer, this means that the Prior Litigation involved the yet-to-be-issued patents, which are the now-issued patents involved in this suit. There are two problems with this argument. First, it is unclear from the complaint whether the Prior Litigation alleged a tying scheme based on same patents at issue in this suit. The Prior Litigation alleges a tying scheme based on "PPG Patents," which include U.S. Patent Nos. 5,177,916 and 5,655,282 and 5,675,944. The tying scheme in this suit also involves the "PPG Patents," and this group of patents includes U.S. Patent No. 5,177,916. In contrast to the Prior Litigation, however, it does not include the '282 Patent or the '944 Patent, but instead includes U.S. Patent Nos. 5,255,481 and 5,351,451.

Also, the Prior Litigation alleged fraudulent procurement of an entirely different pair of yet-to-be-issued patents. Part of the basis for Lockformer's antitrust claim is the wrongful use of these patents. It is not at all clear that Lockformer knew of the alleged patent-prosecution misconduct in alleged in this case when it settled the Prior Litigation. Because patent prosecution misconduct is alleged for different patents and because it is unclear from the pleadings whether different patents are involved in the alleged tying scheme in this lawsuit, PPG's motion to dismiss on grounds of *res judicata* is DENIED.

## CONCLUSION

For the foregoing reasons, PPG's partial motion to dismiss counts four through eight of Lockformer's complaint is GRANTED to the extent that the complaint seeks to redress harms related to the flat-glass market. PPG's motion to dismiss on grounds of *res judicata* is DENIED.

Enter:

_____
David H. Coar
United States District Judge

Dated: **SEP 2 7 2000**