# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6799 | **DATE** | 3/21/2003 |
| **CASE TITLE** | Lockformer, Co. vs. PPG Ind. Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and order. PPG's motion for summary judgment on the issues of validity and enforceability of the '916 patent is granted. Lockformer's motion for summary judgment on validity is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 4 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 197 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH | courtroom deputy's initials | 03 MAR 21 PM 3:45 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE LOCKFORMER COMPANY, | ) | |
| Plaintiff, | ) ) ) | MAR 2 4 2003 |
| and | ) ) | |
| TRUSEAL TECHNOLOGIES, INC., | ) ) | |
| Cross-claim Defendant, | ) ) | |
| v. | ) ) | No. 99-C-6799 |
| PPG INDUSTRIES, INC., | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| PPG INDUSTRIES OHIO, INC., | ) ) | |
| Cross-claim Plaintiff. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge:

The Lockformer Company ("Lockformer") filed suit seeking *inter alia* a declaration that use of its machinery with RL-50 desiccant does not infringe PPG Industries Ohio, Inc.'s United States Patent No. 5,177,916 (the "'916 patent") and that the patent is invalid or unenforceable. PPG Industries, Inc. ("PPG Industries") and PPG Industries Ohio, Inc. ("PPG Ohio") (collectively "PPG") moved for partial summary judgment on all counts of unenforceability and invalidity except obviousness. Lockformer and TruSeal Technologies, Inc. ("TruSeal") moved for partial summary judgment on invalidity for indefiniteness. For the reasons stated herein, PPG's motion is granted and Lockformer and TruSeal's motion is denied.

(97

**FACTS**

## I. Parties

Lockformer, an Illinois corporation, makes and sells machinery used to manufacture metal spacers for double-glazed windows known as insulated glass units ("IGU"s). (R. 159-1, Pl.'s Statement of Material Facts on Infringement ¶ 9.) An IGU is manufactured by attaching two panes of glass to the opposing sides of a spacer.[1] TruSeal is an Ohio corporation that sells components and machines for use in the IGU industry. (R. 152-1, Pl.'s Statement of Material Facts on Validity ¶ 2.) TruSeal is the exclusive distributor of Lockformer's IGU manufacturing machinery. (*Id.*) It makes a desiccant[2] called RL-50 that is used in making IGUs. (R. 159-1, Pl.'s Statement of Material Facts on Infringement ¶ 9.) Defendant PPG Ohio owns the '916 patent and licenses it to Defendant PPG Industries. (*Id.* ¶¶ 3-4.)

## II. Litigation History

Judge Coar presided over this case until it was reassigned to this Court on September 12, 2002. Judge Coar explained the history of this case in an August 25, 2001 opinion. *See Lockformer Co. v. PPG Indus., Inc.*, 2001 WL 940555, at *1 (N.D. Ill. 2001). The Court will briefly sum up those facts. Lockformer filed a complaint against Defendants on October 15, 1999. Its amended complaint, filed on January 31, 2000, seeks a declaration that it does not infringe the '916 patent and that the patent is invalid and unenforceable. Defendants countered with a patent infringement claim against Lockformer and third-party defendant TruSeal. Judge

---

[1] A spacer is an object that creates space between two other objects. Merriam-Webster's Collegiate Dictionary 1125 (10th ed. 1999).

[2] A desiccant is a drying agent. Merriam-Webster's Collegiate Dictionary at 313.

Coar held a *Markman* hearing on December 21, 2000 and construed the '916 patent in his August 25, 2001 order.

## III. Patent Claim And Markman Hearings

Claim 1 is the only independent claim of the '916 patent. It claims protection for:

> A strip to be shaped into spacer stock for maintaining adjacent glass sheets of an insulating unit in a predetermined spaced relationship to one another, the strip comprising:
>
> [1] an elongated flat bendable metal substrate have opposed major surfaces, at least one of the surfaces being fluid impervious, said substrate having a structural stability sufficient to maintain adjacent glass sheets in the fixed relationship when said substrate is shaped into the spacer stock;
>
> [2] an elongated bead of fluid previous adhesive adhered directly to one of said major surfaces spaced from the edges of said substrate, said adhesive having structural stability less than the structural stability of said substrate; and
>
> [3] a desiccant in said bead.

'916 Patent, Col. 6 lns. 32-43. Judge Coar construed Claim 1 after the *Markman* hearing as follows:

> This claim covers metal stock that will be formed into multi-pane window spacers. The metal strip must be longer than it is wide, planer, and prevent fluid from passing through . . . at least one of the flat sides. The strip must be pliable enough to be shaped into spacer stock, but rigid enough to hold panes of glass apart. A bead of adhesive is stuck to one of the strips's flat surfaces. The adhesive must not simply coat the surface but be three dimensional and be longer than it is either tall or wide. The adhesive must also be set in from the edges of the strip and contain a drying agent. Finally, the adhesive must not be as rigid as the metal strip.

*Lockformer Co.*, 2001 WL 940555 at *3. Judge Coar also construed the term "adhesive" to limit the claim to where "the material stick[s] to the metal strip, at a minimum, throughout the process

of shaping the strip into spacer stock and fixing glass to the spacer." *Id.* at *4.

## IV. PPG Ohio's Licensing And Tying

PPG Ohio licenses the '916 patent to certain manufacturers of IGUs. (R. 163-1, Lockformer's Resp. to PPG's Statement of Material Facts on Validity & Enforceability ¶ 16.) PPG charges its licensees higher royalties when they do not purchase PPG glass. (*Id.*)

## V. Inventorship

William Siskos and Stephen Misera were originally identified as the inventors of the '916 patent. *See* '916 Patent, Inventors. The United States Patent and Trademark Office named Siskos the sole inventor after PPG filed a certificate of correction. (R. 180-1, PPG Obj. & Contr. of Pl's Statement of Add'l Facts on Validity & Enforceability, Ex. B.) Raymond Gallagher, PPG's expert, testified that Siskos and Misera are the inventors of the '916 patent. (R. 164-1, Lockformer's Opp'n to Partial Summ. J., Ex. A, Ex. 2.) Gallagher also testified, however, that he did not know whether they contributed to the invention of the patent. (*Id.*)

## LEGAL STANDARDS

Summary judgment is proper when the evidence presented to the Court "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine whether there is a genuine issue of material fact, the Court must view the evidence "in the light most favorable to the party opposing the motion, with doubts resolved in favor of the opponent." *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1307 (Fed. Cir. 1998). A genuine issue of triable fact exists only if a reasonable jury, when presented with the evidentiary record, could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,

106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The movant may discharge its burden of production, where the non-movant has the ultimate burden of proof, by pointing to an absence of evidence to support the non-movant's case. *Id.* at 325, 106 S. Ct. at 2554. The party that bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact. *Id.* at 324, 106 S. Ct. at 2553. A mere scintilla of evidence in support of the non-movant's position is insufficient. *See Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512.

## ANALYSIS

Lockformer and TruSeal assert numerous defenses of patent invalidity and unenforceability. Generally, a party asserting these defenses bears the burden of establishing them. *See* 35 U.S.C. § 282 (a patent is presumed valid and "[t]he burden of establishing invalidity . . . shall rest on the party asserting such invalidity."); *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546-47 (Fed. Cir. 1998) (unenforceability must be established by clear and convincing evidence). PPG argues that these defenses are unsupported in the record, and therefore seeks summary judgment on indefiniteness, patent misuse, oath of inventorship, and various other defenses of invalidity and unenforceability.[3] Because PPG alleges a lack of evidence in the

---

[3] PPG also moved for summary judgment on Lockformer and TruSeal's unenforceability defense of inequitable conduct because it claims there is no record of inequitable conduct during the prosecution of the '916 patent. The Amended Complaint shows that Lockformer and TruSeal allege inequitable conduct not with respect to the '916 patent, however, but in the prosecution of PPG's 5,665,282 and 5,675,944 patents. (R. 33-1, Am. Compl. ¶ 106.) These patents are no

5

record to establish these affirmative defenses, the burden has shifted Lockformer and TruSeal to produce sufficient facts to show that a reasonable trier of fact could find in its favor on invalidity and unenforceability. *See Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511. Lockformer and TruSeal have filed cross-motions to hold the patent invalid for indefiniteness.

I. **Lockformer And TruSeal's Indefiniteness Defense Fails**

The parties have filed opposing summary judgment motions on the issue of definiteness. Lockformer and TruSeal claim that the patent claims are indefinite because of the term "adhesive." Specifically, Lockformer and TruSeal argue that the claims are indefinite because they do not identify the length of time the adhesive must be secured to the metal strip.

To be definite, a patent must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2. The primary purpose of the definiteness requirement is to allow competitors to make a determination as to whether or not they infringe. *All Dental Prodx, LLC., v. Advantage Dental Prods., Inc.*, 309 F.3d 774, 780 (Fed. Cir. 2002). A claim is definite even when reasonable persons can disagree over the meaning of the claim. *Exxon Research & Eng'g v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001). The Federal Circuit favors narrowing a claim construction in order to avoid invalidating it for indefiniteness. *Smithkline Beecham Corp. v. Apotex Corp.*, ___ F.Supp.2d ___, No. 98 C 3952, 2003 WL 728889, at *17 (N.D. Ill. 2003) (Posner, J.) (citing *Exxon Research & Eng'g*, 265 F.3d at 1375-77; *ACS Hospital Systems, Inc. v. Montefiore Hospital*, 732 F.2d 1572, 1577 (Fed. Cir.1984)). A patent is only indefinite if its

---

longer part of this lawsuit after Judge Coar's August 25, 2001 opinion. *See Lockformer Co.*, 2001 WL 940555 at *1-2. The Court will not address this issue since it has no jurisdiction over the controversy.

claims are "insolubly ambiguous" and impossible to properly construe. *Id.* Clear and convincing evidence is required to invalidate a patent. *Kegel Co. v. AMF Bowling, Inc.*, 127 F.3d 1420, 1429 (Fed. Cir. 1997).

Whether a patent claim is definite is a question of law, *Exxon Research & Eng'g Co.*, 265 F.3d at 1376, and extrinsic evidence is disfavored. *Stiftung v. Renishaw PLC*, 945 F.2d 1173, 1180 (Fed. Cir. 1991) ("Extrinsic evidence may not be relied upon during claim construction when the intrinsic evidence unambiguously defines the disputed claim language" ); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 985 (Fed. Cir. 1995) (en banc) (holding that litigation-derived testimony of the inventor is accorded little to no weight), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). The most important tool to determine definiteness is the claim language itself, but a court may also consider the patent specification and prosecution history. *All Dental Prodx*, 309 F.3d at 380.

Normally, the first step in the analysis of whether the claim is definite is to construe the claim itself. *See id.* There is no need for this Court to construe the '916 patent, however, because Judge Coar has already done so. *See Lockformer*, 2001 WL 940555 at *3-4. In construing the patent, Judge Coar also held that the term "adhesive" limited the claim to where "the material stick[s] to the metal strip, at a minimum, throughout the process of shaping the strip into spacer stock and fixing glass to the spacer." *Id.* at *4. This construction is binding on the Court as the law of the case. *Williams v. C.I.R.*, 1 F.3d 502, 503 (7th Cir. 1993). Judge Posner, presiding over a bench trial by designation in this district in *Smithkline Beecham Corp.*, recently addressed an identical situation where he was generally bound by the decisions of Chief Judge Kocoras, the original judge in the case:

> When . . . judges in a case are switched in midstream, as happened
> here, the successor judge may not reconsider his predecessor's
> rulings with the same freedom that he may reconsider his own
> rulings . . . . "[T]he law of the case doctrine in these circumstances
> reflects the rightful expectation of litigants that a change of judges
> mid-way through a case will not mean going back to square one.
> *See also Christianson v. Colt Industries Operating Corp.*, 486 U.S.
> 800, 816-17, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Although
> the second judge may alter previous rulings if he is convinced they
> are incorrect, 'he is not free to do so . . . merely because he has a
> different view of the law or facts from the first judge.' *Williams*, 1
> F.3d at 503. Instead the presumption is that the earlier rulings will
> stand, even though it can be overcome for compelling reasons
> (such as new controlling law or clear error)."

*Smithkline Beecham Corp.*, 2003 WL 728889 at *1 (quoting *Best v. Shell Oil Co.*, 107 F.3d 544, 546 (7th Cir. 1997)).[4] Lockformer and TruSeal have not argued that Judge Coar's construction of the '916 claim or the term "adhesive" was incorrect.[5] Therefore, the Court will not revisit this issue.

As Judge Coar's construction of the patent claim and the term "adhesive" stands, the Court must determine whether the construction itself is definite. *All Dental Prodx*, 309 F.3d at 780 (construction of phrase in claim was definite and clear, therefore claim was definite). In other words, the issue before the Court is only the definiteness of the language in the claim construction – not the language in the patent claim. In this context, it is clear that Lockformer

---

[4] As Judge Posner noted in *Smithkline Beecham Corp.*, the Seventh Circuit's application of the law of the case doctrine governs this matter, as it is a procedural matter that is not unique to patent law. *Smithkline Beecham Corp.*, 2003 WL 728889 at *2 (citing *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984) (per curiam); *Biodex Corp. v. Loredan Biomed., Inc.*, 946 F.2d 850, 858 (Fed. Cir. 1991)).

[5] In fact, Lockformer and TruSeal point to Judge Coar's construction as supporting their position that the claim is indefinite. (R. 153-1, Lockformer & TruSeal's Mem. of Contentions in Support of Summ. J. of Invalidity at 8-10.)

and TruSeal's argument – that the term "adhesive" is indefinite because it does not place a time limit for the adhesion to be effective – fails. This is true because Judge Coar's construction of "adhesive" provides the time context: the term "to be useful, only requires that the material stick to the metal strip, at a minimum, throughout the process of shaping the strip into spacer stock and fixing glass to the spacer." *Lockformer*, 2001 WL 940555 at *4. Judge Coar's construction of the term "adhesive" is definite. Therefore, the claim is definite. *All Dental Prodx*, 309 F.3d at 780. PPG is entitled to summary judgment with respect to the indefiniteness affirmative defense.

## II. Lockformer And TruSeal's Patent Misuse Defense Fails

PPG claims there is no evidence supporting a finding of patent misuse. Patent misuse occurs when the patent owner (1) bundles the license of patents together or requires the purchase of a commodity from the owner in the patent license, and (2) "the patent owner has market power in the relevant market for the patent or patented product on which the license or sale is conditioned."[6] 35 U.S.C. § 271(d)(5); *see Virginia Panel Corp. v. MAC Panel Corp.*, 133 F.3d 860, 868-69 (Fed. Cir. 1997). The alleged infringer has the burden of proving patent misuse. *Virginia Panel*, 133 F.3d at 868. Thus, Lockformer and TruSeal have the burden of producing evidence of both prongs to create a genuine issue of material fact. *See Celotex*, 447 U.S. at 324, 106 S. Ct. at 2553. Lockformer and TruSeal fail to meet their burden of producing evidence that supports a finding of market power. Therefore, they have failed to create a genuine issue of material fact related to patent misuse. Accordingly, PPG is entitled to judgment as a matter of

---

[6] The Patent Misuse Reform Act added the second prong of the patent misuse test in 1988 so that tying and bundling would not be *per se* misuses. *Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 49 F. Supp. 2d 893, 909 (E.D. Tex. 1999); 6 Donald S. Chisum, *Chisum on Patents* § 19.04 (1978 & Supp. 2002).

9

law with respect to the patent misuse affirmative defense.

### III. Lockformer And TruSeal's Oath Of Inventorship Defense Fails

PPG argues that it is entitled to summary judgment on the inventorship defense because of an absence of facts supporting incorrect inventorship. The "inventor," in patent law, is the person or persons who conceived the patented invention. *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1227-28 (Fed. Cir. 1994). Although Siskos and Misera are listed as inventors on the copy of the '916 patent in record, the United States Patent and Trademark Office later named Siskos the sole inventor by a certificate of correction. Lockformer and TruSeal argue that Misera is a co-inventor. Inventorship is a question of law, applied to relevant facts. *C.R. Bard, Inc. v. M3 Systems, Inc.*, 157 F.3d 1340, 1352 (Fed. Cir. 1998). The party asserting incorrect inventorship bears the burden of proof. 35 U.S.C. § 282. There is a presumption that the inventors named on an issued patent are correct, so misjoinder of inventors must be proven by clear and convincing evidence. *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1472 (Fed. Cir. 1997). This evidence must also be corroborated. *Id.* at 1474.

This affirmative defense cannot survive summary judgment because of the lack of supporting evidence. Lockformer and TruSeal have not put any evidence in the record that shows that Siskos was not the only inventor of the patent. Lockformer and TruSeal attempt to convince the Court that a genuine issue of material fact exists on this point by referencing testimony of PPG's expert Raymond Gallagher as proof that Misera was a co-inventor. Gallagher stated that Siskos and Misera are the inventors of the '916 patent. This testimony is insufficient evidence to create a genuine issue of material fact, however, because Gallagher had no personal knowledge of the roles Siskos and Misero played in the conception of the '916

10

patent. Gallagher testified that he did not know whether Siskos or Misera contributed to the invention in the '916 patent, as his involvement in the research and development program that used the '916 patent was in the evaluation of prototypes – not in the underlying research leading to the conception of the '916 patent. (R. 181-1, PPG's Resp. to Lockformer's Opp'n, Ex. E, Gallagher Dep. at 177-79). Without personal knowledge of inventorship, Gallagher's testimony is inadmissible, *see* Fed. R. Civ. P. 56(e), and Lockformer and TruSeal fall short of producing clear, convincing and corroborated evidence. *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1352 (Fed. Cir. 1998). Consequently, Lockformer and TruSeal have not met their burden of producing sufficient evidence to show that a material issue of fact exists with respect to the true inventor of the '916 patent.

Moreover, Lockformer and TruSeal have failed to produce any evidence that rebuts the presumption that PPG acted with innocent intent in naming only Siskos as the inventor. A patent will only be held invalid where there is an error in the naming of the inventor and that error arose because of deceptive intent. 35 U.S.C. § 256. Lockformer and TruSeal have not produced evidence that shows the existence of a genuine issue of material fact with respect to whether PPG acted with deception in naming Siskos as the sole inventor.

There is no genuine issue of material fact with respect to the inventorship affirmative defense. Lockformer and TruSeal have failed to produce competent evidence that shows that Misera was a co-inventor and that Siskos was listed as sole inventor because of deceptive intent. Accordingly, PPG is entitled to judgment as a matter of law with respect to this affirmative defense.

## IV. PPG Is Entitled To Summary Judgment On Lockformer And TruSeal's Miscellaneous Invalidity And Unenforceability Defenses

PPG's moves for summary judgment with respect to Lockformer and TruSeal's affirmative defenses of patentability, anticipation, laches, res judicata, collateral estoppel, and judicial estoppel. Lockformer and TruSeal admit that they waived these defenses by not raising them in their pretrial brief. Additionally, they do not bring forward any evidence supporting these affirmative defenses. Accordingly, the Court enters judgment as a matter of law in favor of PPG with respect to patentability, anticipation, laches, res judicata, collateral estoppel and judicial estoppel.

## CONCLUSION

PPG's motion for summary judgment is granted. Lockformer and TruSeal failed to show that a dispute of material fact exists with respect to any of the affirmative defenses addressed in this opinion. The Court finds that PPG is entitled to judgment as a matter of law with respect to Lockformer and TruSeal's affirmative defenses of indefiniteness, patent misuse, oath of inventorship, patentability, anticipation, laches, res judicata, collateral estoppel, and judicial estoppel. Lockformer and TruSeal's cross motion for summary judgment on validity is denied.

Dated: March 21, 2003                    ENTERED

_____
AMY J. ST. EVE
United States District Court Judge