

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6799 | **DATE** | 3/25/2003 |
| **CASE TITLE** | Lockformer vs. PPG Industries, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Lockformer and TruSeal's motion for summary judgment on infringement is granted. Status hearing set for 4/15/03 is stricken. Jury Trial set for 8/25/03 is stricken. Any other pending dates are stricken. Any pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 5 number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 25 2003 date docketed | |
| | Notified counsel by telephone. | | | 200 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | 03 MAR 25 PM 3:16 | 3/25/2003 date mailed notice | |
| TH✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | TH6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE LOCKFORMER COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PPG INDUSTRIES, INC. and ) | |
| PPG INDUSTRIES, Ohio Inc., ) | |
| ) | |
| Defendants, ) | |
| ) Civil Action No. 99-C-6799 | |
| v. ) | |
| ) | |
| TRUSEAL TECHNOLOGIES, INC., ) | |
| Cross-Claim Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge:

The Lockformer Company ("Lockformer") filed suit seeking, *inter alia*, a declaration that use of its machinery with RL-50 desiccant does not infringe PPG Industries Ohio, Inc.'s U.S. Patent No. 5,177,916. Lockformer and TruSeal Technologies, Inc. ("TruSeal") have moved for partial summary judgment on infringement. For the reasons stated herein, the motion for summary judgment is granted.

## LEGAL STANDARDS

Summary judgment is proper when the evidence presented to the Court "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Pugh v. City of Attica Indiana*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986)). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed.2d 265 (1986). The party that bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact. *Id.* at 324, 106 S. Ct. at 2553. A mere scintilla of evidence in support of the non-movant's position is insufficient. *See Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512. A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *E.E.O.C. v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000).

The Court "considers the evidentiary record in the light most favorable to the non-moving party, and draws all reasonable inferences in his favor." *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). The Court accepts the non-moving party's version of any disputed facts but only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

## BACKGROUND

### I. Litigation History

On October 15, 1999, Lockformer initiated this lawsuit against PPG Industries and PPG Ohio. Lockformer filed a nine-count amended complaint on January 31, 2000. Counts I to VIII are actions for alleged unfair competition, tortious interference, and antitrust violations. In Count IX, Lockformer seeks a declaration that it does not infringe three of PPG Industries, Inc.'s patents or that those patents were invalid and unenforceable. PPG Industries, Inc. ("PPG Industries")

2

and PPG Industries, Ohio Inc. ("PPG Ohio") (collectively "PPG") have countered with claims that Lockformer and Third-Party Defendant TruSeal's products infringe these patents.

Over the years, this case has substantially simplified. On April 30, 2001, the parties stipulated to a dismissal of Lockformer's first eight counts. Later, Judge Coar, who presided over this case until it was transferred to this Court on September 12, 2002, dismissed two patents from the declaratory judgment claim. *See Lockformer Co. v. PPG Indus., Inc.*, 2001 WL 940555, at *1 (N.D. Ill. Aug. 15, 2001). Finally, the Court recently entered judgment in favor of PPG on the invalidity and unenforceability claims. *See Lockformer v. PPG Indus., Inc.*, 99 C 6799, 2003 WL ___ (N.D. Ill. Mar. 21, 2003). The only issue before the Court now is whether Lockformer and TruSeal are entitled to judgment as a matter of law on the issue of infringement of the '916 patent.

## II. Summary Judgment Filings

In support of their motion for summary judgment on this issue, Lockformer and TruSeal filed a twenty-one paragraph statement of undisputed material facts pursuant to Local Rule 56.1. (R. 159-1.) PPG filed a two paragraph response to that statement.[1] (R. 165-1.) The first paragraph admitted certain paragraphs and the second paragraph denied the remaining facts with

---

[1] Despite bearing the burden of establishing infringement, PPG did not file a statement of additional facts as allowed by Local Rule 56.1(b)(3)(B). PPG did, in its opposing memorandum of law, make factual assertions and outline the testimony that it anticipates from its expert witnesses. It did not, however, reference any discovery documents, deposition testimony, or affidavits in support of these points. *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992) (responding party may not rest on its pleadings alone, but must instead designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine issue of fact). It is not the Court's task to search through the record to find evidence that supports PPG's position. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in" the record). Accordingly, the Court will not consider PPG's unsupported assertions and anticipated testimony in ruling on this motion.

little explanation or supporting references. (*Id.*) This overly terse filing by PPG clearly did not comply with the Local Rules, which require "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(b)(3)(A).

Recognizing these deficiencies, Lockformer and TruSeal filed an objection to its response. (R. 177-1.) PPG countered with a supplemental response. (R. 189-1.) This supplemental response also failed, however, to comply with the local rules. For example, PPG offered several denials without citing to portions of the record or even stating what exactly it disputes. In other instances, PPG denials contained citations to case law or its trial brief. Judicial opinions and parties' own briefs are not evidence. Without denials with supporting references, Lockformer and TruSeal's Statements Nos. 6-8 and 11-21 are deemed admitted. Local Rule 56.1(b)(3)(B).

## UNDISPUTED FACTS

### I. The Parties

Lockformer, an Illinois corporation, makes and sells machinery used to manufacture spacer frames for insulated glass units ("IGU"s). (R. 159-1, Pl.'s Statement of Material Facts on Infringement ¶¶ 1, 5.) TruSeal, an Ohio corporation that sells components and machines for use in the IGU industry, is the exclusive distributor of Lockformer's machinery and manufactures a desiccant[2] used by the machinery. (*Id.* ¶¶ 2, 9.) PPG Ohio, based in Cleveland, owns the '916 patent and licenses it to PPG Industries, a Pennsylvania corporation. (*Id.* ¶¶ 3-4.)

---

[2] A desiccant is a drying agent. Merriam-Webster's Collegiate Dictionary 313 (10th ed. 1999).

4

## II. The Product

An IGU is manufactured by attaching two panes of glass to the opposing sides of a spacer.[3] Lockformer's machinery manufacture of spacer frames takes several steps. At the outset, a coil of tin-plated steel is fed to a die cutting station. (R. 159-1, Pl.'s Statement of Material Facts on Infringement ¶ 13(a)-(b).) The flat strip of tin-plated steel is then die cut to make foldable corners. (*Id.* ¶ 13(c).) Next, the flat strip is cut into its desired length. (*Id.*) The flat strip is then placed in a roll-forming station that forms the strip into the closed spacer frame. (*Id.* ¶ 13(d)-(e).) During roll-forming, and after the strip has formed a U-shape channel, the RL-50 desiccant matrix is inserted into the spacer frame. (*Id.* ¶ 13(f).) Once the desiccant is inserted, the roll-forming process is completed and the spacer framer is closed to retain the desiccant matrix. (*Id.* ¶ 13(g).) The result of this process is that the spacer frame is manufactured into a closed box, which holds the desiccant matrix in place inside. (*Id.* ¶ 5.)

Lockformer and TruSeal developed a new desiccant, RL-50, which they began using in 1998. (R. 159-1, Pl.'s Statement of Material Facts on Infringement ¶ 7.) Lockformer and TruSeal, aware of the '916 patent, instructed a chemist to design RL-50 so that it was not an adhesive and did not adhere to the closed spacer frame. (*Id.*)

## III. Patent Claim and *Markman* Hearings

Claim 1 is the only independent claim of the '916 patent. It claims protection for:

> A strip to be shaped into spacer stock for maintaining adjacent
> glass sheets of an insulating unit in a predetermined spaced
> relationship to one another, the strip comprising:

---

[3] A spacer is an object that creates space between two other objects. Merriam-Webster's Collegiate Dictionary at 1125.

[1] an elongated flat bendable metal substrate have opposed major surfaces, at least one of the surfaces being fluid impervious, said substrate having a structural stability sufficient to maintain adjacent glass sheets in the fixed relationship when said substrate is shaped into the spacer stock;

[2] an elongated bead of fluid previous adhesive adhered directly to one of said major surfaces spaced from the edges of said substrate, said adhesive having structural stability less than the structural stability of said substrate; and

[3] a desiccant in said bead.

'916 Patent, Col. 6 lns. 32-43. Judge Coar construed Claim 1 as follows:

This claim covers metal stock that will be formed into multi-pane window spacers. The metal strip must be longer than it is wide, planer, and prevent fluid from passing through . . . at least one of the flat sides. The strip must be pliable enough to be shaped into spacer stock, but rigid enough to hold panes of glass apart. A bead of adhesive is stuck to one of the strips's flat surfaces. The adhesive must not simply coat the surface but be three dimensional and be longer than it is either tall or wide. The adhesive must also be set in from the edges of the strip and contain a drying agent. Finally, the adhesive must not be as rigid as the metal strip.

*Lockformer Co.*, 2001 WL 940555 at *3. Judge Coar also construed the term "adhesive" to limit the claim to where "the material stick[s] to the metal strip, at a minimum, throughout the process of shaping the strip into spacer stock and fixing glass to the spacer." *Id.* at *4.

### IV. Prosecution History

The United States Patent and Trademark Office initially rejected Claim 1 as unpatentable over prior art. (R. 159-1, Lockformer's Rule 56.1 Statement on Infringement ¶ 16.) It claimed:

1. A strip for shaping into spacer stock for insulating units comprising:

[a.] a substrate made of gas and/or moisture pervious material having a predetermined structural stability; and

6

>       [b.] a bead of moisture and/or gas pervious adhesive having a
>       desiccant positioned on said substrate, said bead having structural
>       stability less than the structural stability of said substrate.

(*Id.*) After the Patent and Trademark office rejected this claim, PPG amended it to include, among other things, the specific requirements that the substrate be flat and that the adhesive adhere to the substrate. (*Id.*)

## ANALYSIS

PPG, as the patentee, has the burden of proving infringement. *Hughes Aircraft Co. v. United States*, 717 F.2d 1351, 1361 (Fed. Cir. 1983). Infringement is a question of fact. *Bai v. L & L Wings Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998). Infringement can be found in two ways: (1) by a literal application of the patent claim's language to the product or (2) by the doctrine of equivalents. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998). Here, PPG makes no argument that Lockformer and TruSeal have infringed under the doctrine of equivalents.[4] Therefore, the Court will only analyze whether there is a material dispute of fact as to whether Lockformer and TruSeal have literally infringed the '916 patent.

To determine if there is literal infringement, the Court must compare the properly

---

[4] The Court notes that PPG could not have successfully argued infringement under the doctrine of equivalents, because PPG failed to claim equivalents disclosed in the '916 patent's specification. Disclosed but unclaimed equivalents cannot be captured by the doctrine of equivalents. *See Johnson & Johnston Assoc. Inc., v. R.E. Serv. Co., Inc.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002) (*en banc*). The '916 specification discloses making spacer stock having any cross-sectional shape. Col. 5, lns. 17-18. It also discloses applying the adhesive once the spacer stock has been formed into any of these cross-sectional shapes. Col. 5, lns. 32-33. The patent, however, only claims a flat strip. The doctrine of equivalents is therefore limited in application to spacer stock that is flat when the desiccant is applied. It is undisputed that Lockformer and TruSeal apply their desiccant when the strip is U-shaped. (R. 159-1, Pl.'s Statement of Material Facts on Infringement ¶ 13(f).) Therefore, they do not infringe the '916 patent as a matter of law under the doctrine of equivalents.

construed claims to the allegedly infringing device. Literal infringement requires that an accused device contain every element of a claim. *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2003) (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29, 117 S. Ct. 1040, 1049, 137 L. Ed.2d 146 (1997)). As relevant to the issues before the Court, infringement of Claim 1 requires that: 1) an adhesive containing desiccant 2) be adhered to a flat metal strip. Lockformer and TruSeal argue that they do not infringe the '916 patent because the desiccant RL-50 is not an adhesive and because the strip is not flat when Lockformer's machinery applies RL-50 to the strip.

The Court first addresses whether RL-50 is an adhesive. Four experts for Lockformer and TruSeal stated that RL-50 is not an adhesive and does not stick to the strip. (R. 160-1, Lockformer & TruSeal's Summ. J. Mem., Ex. A ¶¶ 3, 9, Ex. B ¶¶ 4, 5, and 7, Ex. C ¶¶ 4-6, Ex. D ¶¶ 3-7, Ex. E ¶¶ 6, 8.) Also Kenneth Silverman, a lay witness, testified to the same. (*Id.*, Ex. G at 96-97.) PPG counters by claiming that its expert, Raymond Gallagher, testified that the desiccant did adhere to the spacer frame when he shook the spacer frame. (R. 165-1, PPG's LR 56.1 Statement, Ex. J, Gallagher Dep. at 29-31.)

While PPG is entitled to all reasonable inferences in its favor, it has not produced sufficient evidence to show that there is a genuine issue of material fact as to whether RL-50 is an adhesive. Gallagher's testimony is insufficient to create a genuine issue of material fact. He only testified that RL-50 "stuck" to the spacer frame when he shook it. (R. 165-1, PPG's LR 56.1 Statement, Ex. J, Gallagher Dep. at 29-31.) He does not state when[5] or how it "stuck" to the

---

[5] Judge Coar's claim construction requires the desiccant to adhere "at a minimum, throughout the process of shaping the strip into spacer stock and fixing glass to the spacer." *Lockformer Co.*, 2001 WL 940555 at *4.

spacer frame. Further, PPG provides no evidence that RL-50 is an adhesive because it has an attribute that causes it to stick to the spacer. PPG bears the burden of showing infringement by Lockformer and TruSeal at trial. PPG has not met its burden at the summary judgment stage of producing evidence that shows that there is a dispute of material fact as to whether RL-50 is an adhesive that adheres to the spacer.

Moreover, the undisputed facts show that Lockformer and TruSeal do not infringe the '916 patent because Lockformer's machine does not apply RL-50 to a flat strip. Instead, the machine applies the desiccant to a U-shaped strip. (R. 159-1, Pl.'s Statement of Material Facts on Infringement ¶ 13(f).) PPG does not argue otherwise. Lockformer and TruSeal therefore do not literally infringe the '916 patent. Accordingly, Lockformer and TruSeal are entitled to judgment as a matter of law.

## CONCLUSION

The undisputed facts before this Court show that Lockformer and TruSeal do not infringe the '916 patent because RL-50 is not an adhesive containing desiccant that adheres to a flat metal strip. Accordingly, Lockformer and TruSeal are entitled to a declaration as a matter of law that they do not infringe the PPG's '916 patent.

Dated: March 25, 2003                    ENTERED

                                         _____
                                         AMY J. ST. EVE
                                         United States District Court Judge

9